UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA TILUM | : | CIVIL ACTION NO: 3:03 CV973 (DJS) |
|     Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF TRANSPORTATION: | | |
|     Defendant | : | FEBRUARY 23, 2004 |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE**

    Plaintiff in this action has brought claims against the Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*., ("Title VII") and the Connecticut's Fair Employment Practices Act, Conn. Gen. Stat. §46a-60, *et seq*. ("CFEPA").  Both statutes entitle Plaintiff to an award of attorney's fees and costs in the event she is a prevailing party as to any claims raised in this case.  See 42 U.S.C. Sec. 2000e-5(k) and Conn. Gen. Stat. Sec. 46a-104.

    In *Raymond v. United States*, 355 F.3d 107 (2d Cir. 2004) the Second Circuit Court of Appeals held that a portion of a taxpayer's civil suit recovery in a wrongful discharge case that was paid directly to his attorney as fees was taxable as income to the taxpayer, even though the taxpayer never received the funds.  355 F.3d at 115-116.  As a result, the *Raymonds* suffered a negative tax consequence as a result of a fee award.

    Title VII is intended to provide "make whole" relief to individuals injured by unlawful

employment discrimination.  *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418, 95 S. Ct. 2362, 45 L. Ed. 2d 280 (1975).  The protections afforded by CFEPA are at least "coextensive with the federal" Act, if not greater, *State v. Commission On Human Rights and Opportunities,* 211 Conn. 464, 470, 559 A.2d 1120 (Conn.,1989)(*citations and quotations omitted)*, and entitle successful CFEPA plaintiffs to complete relief. *Id.* at 478-79.    To further these principles favoring make-whole relief, courts have compensated plaintiffs for negative tax consequences in the course of calculating the amounts due for backpay.  *See, e.g.,  Sears v. Atchison, Topeka & Santa Fe Ry. Co.,* 749 F.2d 1451, 1456-57 (6th Cir.1984); *Gelof v. Papineau,* 829 F.2d 452, 455 (3d Cir.1987) (remanding for further findings an award for the increased income tax burden which resulted from a lump sum payment where the defendant conceded liability for such).  *Accord Cummings v. Microphase Corporation*, Civil Action No. 5:92-CV-384 (AWT)(D. Conn 1997)(endorsement order granting Plaintiff's motion to consider plaintiff's income tax liability when calculating plaintiff's final award)(attached) and cases cited therein.

    Here, in the event Plaintiff, as a prevailing party, obtains attorneys fees and costs as an element of relief in this case, she seeks an opportunity to present evidence as to the tax consequences of any such fee award, so that this Court can award additional damages which will fully compensate her as a victim of discrimination.

    Based on the foregoing, Plaintiff requests leave to present testimony on the issue of negative tax consequences of any award of attorney's fees for the Court's consideration at

a post-trial hearing on this matter.

                                PLAINTIFF

                            By:
                                Kathleen Eldergill
                                Beck & Eldergill, P.C.
                                447 Center Street
                                Manchester, CT 06040
                                (860) 646-5606
                                Fed Bar No: ct00024

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing has been mailed this 23rd day of February, 2004, to the following parties:

Stephen J. Courtney
Assistant Attorney General
Attorney General's Office
55 Elm Street
P.O. Box 120
Hartford, CT   06141-0120

                                _____
                                Kathleen Eldergill

Tilum\Mem02-04.pld