UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA TILUM | : | CIVIL ACTION NO: 3:03 CV973 (DJS) |
|     Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF TRANSPORTATION: | | |
|     Defendant | : | JUNE 9, 2004 |
| | : | |

**<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL</u>**

**I.     Nature of the Case:**

Plaintiff complained to her supervisor about discrimination on the basis of sex as early as 1998 and to the Department of Transportation ("DOT") Affirmative Action office beginning in March 2001 and continuing thereafter. She alleges adverse employment action by DOT motivated by sex discrimination and/or retaliation, including discrimination in compensation, assignment of job duties, including supervisory duties, service ratings, reporting relationships, upward mobility, reclassification and promotion. These facts form the basis for Plaintiff's claims under the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. Sec. 46a-60 *et seq.* (CFEPA) and under Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000e *et seq.*, as amended. Plaintiff's Equal Pay Act claim alleges that she has been, and continues to be, paid less than male employees of the Defendant for a job

1

requiring substantially equal skill, effort and responsibility, performed under similar working conditions as one or more male employees.

II.     **Items of Discovery Sought:**

    1.  Plaintiff's First Request for Disclosure and Production was filed June 23, 2003 and responded to on August 22, 2003.  (See Exhibit 1, attached.)

    2.  Plaintiff's Second Request for Disclosure and Production was filed July 29, 2003 and responded to on August 22, 2003.  (See Exhibit 2, attached.)

    3.  Thereafter, the parties engaged in lengthy communications concerning information and/or documents Defendant had failed to produce in response to Plaintiff's First and Second Requests for Disclosure and Production, which communications resulted in agreement by Defendant to locate and produce certain documents.  Those discussions and consequent agreement are set forth in Exhibit 3, a letter from the undersigned to Assistant Attorney General Stephen Courtney dated January 20, 2004.  (Exhibit 3, attached.)

    4.  Despite this agreement, no further information or documents have been produced.

    5. On March 2, 2004, the undersigned reiterated this request to Assistant Attorney General Chapple, who had appeared in the case in lieu of Attorney Courtney.  Further, as indicated in that letter, the undersigned made Attorney Chapple aware that documents the

undersigned had been instructed to seek elsewhere were, in fact, within DOTs custody and control. (See Exhibit 4, attached.) Thereafter, in a telephone conversation, Attorney Chapple indicated that she would review this letter and follow up on the requested documents and information.

6. On March 31, 2004, a Third Request for Disclosure and Production was filed, to which no response was received. (See Exhibit 5, attached.)

7. By letter dated April 14, 2004, the undersigned again requested that Defendant produce the information and documents previously promised. (See Exhibit 6, attached.)

### III. Why this motion should be granted:

Despite repeated assurances by Defendant, documents and information described in Exhibits 3 and 4 have not been produced. Defendant has failed to respond to Exhibit 5 although no objection or request for extension of time has been filed concerning this request.

Based on the foregoing, the undersigned hereby requests:

1. That this Court enter an order requiring Defendant to produce the documents described in Exhibits 3 and 4 as previously promised, and to respond to discovery requests set out in Exhibit 5, Plaintiff's Third Request for Disclosure and Production, without objection.

2. Order that, to the extent Defendant fails to comply with this order, Defendant shall

3

be prohibited from introducing at trial documents responsive to these requests and, further, that the matters regarding which the discovery was sought or other designated facts, shall be taken to be established for the purposes of this action in accordance with the claims of the Plaintiff.

                                          PLAINTIFF

By:
    Kathleen Eldergill
    Beck & Eldergill, P.C.
    447 Center Street
    Manchester, CT 06040
    (860) 646-5606
    Fed Bar No: ct00024

## **CERTIFICATION**

I hereby certify that a copy of the foregoing has been mailed this 9th day of June, 2004, to the following parties:

Margaret Q. Chapple
Assistant Attorney General
Attorney General's Office
55 Elm Street
P.O. Box 120
Hartford, CT   06141-0120

                                      _____
                                      Kathleen Eldergill

Tilum\MemCompel06-04.pld