Exhibit 1 continued

**BY WAY OF PRODUCTION**

Make the following documents available for inspection:

**GENERAL RESPONSE TO PRODUCTION REQUESTS:** Except for objections specifically noted herein, as set forth in Fed.R.Civ.P. 34, the defendant will make available for inspection and copying in a reasonable time, place, and manner those documents requested below. Furthermore, although the defendant objects to any requests for production of documents that seeks information barred by the statute of limitations, except where specifically objected to below, the defendant will provide such documents without waiving this objection.

1. DOT Affirmative action plans for 1989, 1992 and 1994-present.

    **Response: Available for inspection and copying except for Volume I of 1998 Affirmative Action plan which, due to the document being misplaced and/or missing, is not in defendant's possession or control and has not been located for approximately two years**

2. State form PER-113 (Personnel Record) for the following people:

    a. Ken Fargnoli

    b. Lev Laber

    c. Dennis Murphy

11

    d. Alan Mancini

    e. Fred Chojnicki

    f. Robert Pettinicchi

    g. Jay Mather

    h. Ray Godcher

        **Response:** **The defendant has been unable to locate any documents regarding this individual and such documents are not within the defendant's possession or control. Investigation continues.**

    i. Robert Scotti

    j. Stanley Hodyl

    k. Charles Roman

   l. All individuals presently in the Bureau of PublicTransportation, Design and Preconstruction Unit holding the title of Engineer 3.

3. State Form PLD-1 (Application for Examination or Employment), including any attachments, prepared by or on behalf of the following individuals from 1989 through the present date:

12

a. Ken Fargnoli

b. Lev Laber

c. Dennis Murphy

d. Alan Mancini

e. Fred Chojnicki

f. Robert Pettinicchi

g. Jay Mather

h. Ray Godcher

i. Robert Scotti

j. Stanley Hodyl

k. Charles Roman

l. All individuals presently in the Bureau of PublicTransportation, Design and

13

Preconstruction Unit holding the title of Engineer 3.

4. Any duties questionnaires prepared by or on behalf of the following people from 1989 through the present date:

    a. Ken Fargnoli

    b. Lev Laber

    c. Dennis Murphy

    d. Alan Mancini

    e. Fred Chojnicki

    f. Robert Pettinicchi

    g. Jay Mather

    h. Ray Godcher

    i. Robert Scotti

    j. Stanley Hodyl

k. Charles Roman

l. All individuals presently in the Bureau of Public Transportation , Design and Preconstruction Unit holding the title of Engineer 3.

5. Service ratings for the following people prepared from 1989 through the present date:

a. Ken Fargnoli

b. Lev Laber

c. Dennis Murphy

d. Alan Mancini

e. Fred Chojnicki

f. Robert Pettinicchi

g. Jay Mather

h. Ray Godcher

15

      i. Robert Scotti

      j. Stanley Hodyl

      k. Charles Roman

      l. All individuals presently in the Bureau of PublicTransportation, Design and Preconstruction Unit holding the title of Engineer 3.

6. Documents concerning any requests by DOT made to DAS to reclassify positions in the Engineering Series from 1989 through the present date.

> **OBJECTION:** The defendant objects to production request #6 on the ground that the request is overly broad and burdensome and also requests information that is time-barred in this action. As set forth in the attached affidavit of Margo Kilbon, Affirmative Action Program Manager for the State Department of Transportation, this request concerns a job classification series involving numerous employees, hundreds of whom have left their positions during this time period. Furthermore, DOT does not have the resources it would require to undertake a manual review of records to locate this information. (See, affidavit of Margo Kilbon, ~4(a)and (b)).

7. Travel requisitions approved by DOT from 1996 through the present date.

8. Documents concerning any policies or procedures governing DOT Affirmative Action

complaints.

9. Affirmative Action documents concerning Lisa Tilum.

10. Documents concerning interviews, including but not limited to and Interview Report(s), for the following positions (approximate date position filled is shown in parentheses):

    a. Principal Engineer, Construction, Rails Office, New Haven, Connecticut, (March 2001).

    b. Principal Engineer, Design & Preconstruction Unit, Newington, Connecticut (May 2001).

    c. Transit Manager, Newington, Connecticut (November 2001).

    d. Supervising Engineer, Design & Preconstruction Unit, Newington, Connecticut, (June 2001).

    **Response:** **The defendant does not have any documents in its possession or control responsive to this request.**

11. State Form PLD-1 (Application for Examination or Employment), including any attachments, submitted by any individuals hired for the positions listed in Interrogatory #10.

12. Documents concerning any justifications for hiring, reclassifying or promoting people who are not goal candidates to any DOT position from 1989 through the present

17

date.

>**OBJECTION:** The defendant objects to production request #12 on the ground that it is overly broad and burdensome and requests information that is time-barred. Certain information responsive to this request is contained in affirmative action plans (see, response to production request no. 1). In other respects, as set forth in the attached affidavit of Margo Kilbon, Affirmative Action Program Manager, this information is not only overly broad and burdensome but unavailable. (See, attached affidavit, Margo Kilbon, ~4(c)).

13. All service ratings issued by Jay Mather in 2001 or 2002.

14. Any DOT affirmative action employee advisory committee meeting minutes, recommendations made to the affirmative action officer, including whether the recommendations were accepted or rejected by the agency and comments made by the employee advisory committee from 1989 through the present date.

>**RESPONSE:** See response to production request no. 1.

15. Records identifying each person performing any duty related to the development or implementation of the affirmative action plan by name; job title, percentage of time devoted to affirmative action duties and specific responsibilities from 1989 through the present date.

>**RESPONSE:** See response to production request no. 1.

16. Records identifying each member of the employee advisory committee, identified by name; race; sex; position or position classification and percentage of time devoted to such duties from 1989 through the present date

18

**RESPONSE:** See response to production request no. 1.

17. Any job title study prepared by DOT from 1989 through the present date.

**RESPONSE:** See response to production request no. 1.

18. Any occupational category study prepared by DOT from 1989 through the present date.

**RESPONSE:** See response to production request no. 1.

19. Any work force analysis prepared by DOT from 1989 through the present date.

**RESPONSE:** See response to production request no. 1.

20. Any availability analysis prepared by DOT from 1989 through the present date.

**RESPONSE:** See response to production request no. 1.

21. Any utilization analysis prepared by DOT from 1989 through the present date.

**RESPONSE:** See response to production request no. 1.

22. Any documents setting forth hiring and/or promotion goals during the years 1989 through the present date.

**RESPONSE:** See response to production request no. 1.

23. Any employment analyses conducted from 1989 through the present date,

19

including employment process analysis, applicant flow analysis, personnel evaluation analysis and training analysis.

   **RESPONSE:** See response to production request no. 1.


24. Any documents concerning identification of any employment policy or practice adversely affecting protected race/sex group members and/or any program goals or other measures developed and/or implemented to erase said disparity from 1989 through the present date.

   **RESPONSE:** See response to production request no. 1.


25. Any documents concerning DOT's upward mobility program from 1989 through the present date.

   **RESPONSE:** See response to production request no. 1.

26. Any documents concerning DOT =s grievance procedure for processing and resolving employee allegations of discrimination.

   **RESPONSE:** See response to production request no. 1.

27. Any documents generated as a result of any internal evaluation procedure to monitor progress and anticipate shortcomings in DOT's affirmative action program from 1989 through the present date.

   **RESPONSE:** See response to production request no. 1.

28. Any narrative report prepared on all activity undertaken to achieve the hiring, promotion, upward mobility and program goals continaed inthe previous affirmative action plan and a critical self-analysis of the progress made towad those ends, from 1989 through the present date.

> RESPONSE: See response to production request no. 1.

29. Any written evaluation(s) of DOT affirmative action plans from 1989 through the present date.

> RESPONSE: There are no documents responsive to this request for the period prior to 1992.

30. Any written notifications from the Commission on Human Rights & Opportunites disapproving any DOT affirmative action plan, and any response from DOT to such disapproval, from 1989 through the present date.

31. Any Decentralized Promotional Examination Program developed and/or utilized by DOT from 1989 through the present date.

32. State Form PLD-1 (Application for Examination or Employment), including any attachments, prepared by or on behalf of the any individuals described in Interrogatory fie. [correction: #7], above.

33. Any documents concerning the employment decision described in Interrogatory #+ [correction: #8], above.

34. Any documents concerning the changes described in Interrogatory #8, above.

> RESPONSE: See response to production request no. 33.

35. Organizational charts for Department of Transportation from 1989 through the present date.

21