Exhibit 1 continued

36. Any documents prepared or submitted for the purpose of seeking promotion or reclassification of the following employees:

    a. Ken Fargnoli

    b. Lev Laber

    c. Dennis Murphy

    d. Alan Mancini

    e. Fred Chojnicki

    f. Robert Pettinicchi

    g. Jay Mather

    h. Ray Godcher

    i. Robert Scotti

    j. Stanley Hodyl

    k. Charles Roman

    l. Lisa Tilum

37. Any douments concerning promotions, reclassifications or transfers in the Bureau of Public Transportation from 1989 through the present date.

    <u>RESPONSE:</u> See response to production request no. 32.

    DEFENDANT STATE OF CONNECTICUT, DEPARTMENT OF TRANSPORTATION

    RICHARD BLUMENTHAL A TIORNEY GENERAL

Stephen J. Courtney
Assistant Attorney General
55 Elm St., P.O. Box 120
Hartford, CT 06141-0120
Tel. 860-808-5340
Fax. 860-808-5383
Stephen.courtney@po.state.ct.us

Tilum\ 1srD&P.pld

23

STATE OF CONNECTICUT)
                     ) ss.
COUNTY OF            )

The Undersigned, Margo S. Kilbon, an authorized Affirmative Action Program Manager of the State of Connecticut Department of Transportation, being duly sworn, deposes and says:

That I have read the preceding Request for Disclosure and Production, and state that said responses are true and accurate to the best of my ability, knowledge and study.

State of Connecticut
Department of Transportation



Its Authorized Affirmative Action Program Manager

Subscribed and sworn to before me on this 21 day of August, 2003.

Commissioner of the Superior Court
~~Notary Public~~

23

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LISA TILUM
        Plaintiff                               Civil Action No: 3:03CV973(DJS)

v

THE STATE OF CONNECTICUT DEPARTMENT
OF TRANSPORTATION
        Defendant                               August 12, 2003

AFFIDAVIT OF MARGO S. KILBON

Margo S. Kilbon, having been duly sworn, dispose and says as follows:

1. I am over eighteen (18) years of age and understand the nature and obligations of an oath.

2. I am a 120-day retiree in the job title Affirmative Action Program Coordinator for the State of Connecticut, Department of Transportation, and have been in this position since April 1, 2003. Prior to that I was the Director of Equal Opportunity Assurance for the DOT and was in that position since June 1992.

3. My job responsibilities include providing case management for pending DOT discrimination lawsuits and CHRO complaints.

4. For responses to Plaintiff's First Request for Disclosure and Production dated June 23, 2003, the following is offered:

1

a) Interrogatory request number 1. Identify the name, gender and starting salary of every employee hired as Engineering Intern, Associate Engineer or other position in the Engineering Series by DOT from 1987-1992 is overbroad and burdensome. The DOT computerized employee history system does not go back that far. There are approximately 37 current job titles in the series and many other titles have been changed or discontinued from that time period. i.e.: Associate Engineer is not a current job title and has been changed to Transportation Supervising Engineer. The DOT has also been seriously impacted by the layoffs and Early Retirement program in the past year, losing over 600 employees out of about 3400 employees and does not have the resources to go through thousands of records by hand.

b) Production request number 6. Documents concerning any request by DOT made to DAS to reclassify positions in the Engineering Series from 1989 through the present date is overly broad and burdensome. There are currently approximately 794 employees in the Department in the Engineering Series. There have been hundreds of employees who have been employed and left the Department during this time frame in this series who may have had requests made to reclassify their position. See also response to a.

c) Production request number 12. Documents concerning any justifications for hiring, reclassifying or promoting people who are not goal candidates to any position from 1989 through the present is overly broad, burdensome and unavailable. Some of this information is provided in the Department's Affirmative Action Plans, which are available. Interview reports are retained per CHRO regulations and record retention for 2 years in the Affirmative Action Office. These include all transactions and would have to be reviewed individually for those dealing with goal candidates. Even for the 2 years there are over 300-400 records to review. See response to a re:staffing.

Signed under the penalties of perjury this 21st day of August, 2003



Margo S. Kilbon

        State of Connecticut Department
of Transportation

Subscribed to and sworn before me, this 21st day of August 2003.

_____
Commissioner of the Superior Court
**Notary rublic**
M\I Commission Gxoireg: