UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LISA TILUM                           CIVIL ACTION NO: 3:03 CV973 (DJS)
     Plaintiff

VS.

STATE OF CONNECTICUT,
DEPARTMENT OF TRANSPORTATION:
     Defendant                            AUGUST 22, 2003

### DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR DISCLOSURE AND PRODUCTION

The Defendant herein responds to the plaintiffs second request for disclosure and production in the above-captioned action pursuant to Federal Rules of Civil Procedure Sections 33 and 34 and Local Rule 39, as follows:

BY WAY OF INTERROGATORIES:

1. State the factual basis of your first affirmative defense which states that Plaintiff's claims are barred by the statue of limitations.

     Answer:

Based on the allegations of the complaint, plaintiff is asserting factual claims extending back to 1989 to 1992. The underlying CHRO complaint was filed on January 28, 2002. Thus, these and other claims fall outside the limitations period established under 42 U.S.C. §2000e-5(e) regarding plaintiffs Title VII claim, outsid~ the limitations period under CFEPS, and outside the limitations period for her claim under the Equal Pay Act.

Exhibit 2

2. State the factual basis of your second affirmative defense, that Plaintiff has failed to state a claim of gender discrimination and retaliation of the Connecticut Fair Employment Practices Act.

**Answer:**

Defendant believes the evidence will show that plaintiff cannot establish a timely gender discrimination and/or retaliation claim under CFEPA. Among other things, the allegations of the complaint concerning claims of wage disparity and failure to promote are all time-barred. Furthermore, the evidence will show that the individuals with whom the plaintiff basis her claim of wage disparity have performed different positions with objectively different functional responsibilities within the engineering job series, with different skill, effort and responsibility.

3. State the factual basis of your third affirmative defense, that Plaintiff has failed to state a claim of gender discrimination and retaliation under Title VII.

**Answer:**

Defendant believes the evidence will show that plaintiff cannot establish a timely gender discrimination and/or retaliation claim under Title VII. Among other things, the allegations of the complaint concerning claims of wage disparity and failure to promote are all time-barred. Furthermore, the evidence will show that the individuals with whom the plaintiff basis her claim of wage disparity have performed different positions with objectively different functional responsibilities within the engineering job series, with different skill, effort and responsibility.

4. State the factual basis of your fourth affirmative defense, that Plaintiff has failed to state a claim of wage disparity under the Equal Pay Act.

**Answer:**

With respect to those individuals identified in paragraph 11 of the complaint as to

2

whom plaintiff compares herself to (i.e., Murphy, Laber, Chojnicki, and Mancini), the defendant contends that plaintiff does not perform the same work as these individuals in that their jobs entail different skill, effort and responsibility as compared with the plaintiff as set forth in that interrogatory answer. Specifically, Chojnicki and Mancini work in Rail Officer job series. Laber works in the Bridge Design series. Murphy has been employed with DOT since 1972 with experience in public transportation since 1987, before plaintiff was even hired. They each have different experience, greater seniority (one reason for many of them having been promoted and their possessing different classification levels), and perform different jobs.

Thus, defendant contends that, in addition to the bar of the statute of limitations, plaintiff cannot establish a prima facie case that she performs equal work in her job requiring equal skill, effort, and responsibility as those she compares herself to.

5. State the factual basis of your fifth affirmative defense, that any alleged wage disparity that may exist is justified by the Defendant's seniority system.

**Answer:**

At this time, the defendant cannot respond to this request without the plaintiff indicating with more specificity the individuals she compares herself with in regard to her alleged wage disparity. Furthermore, the defendant contends that plaintiff will not be able to establish a prima facie case under the Equal Pay Act. Nevertheless, assuming arguendo that plaintiff could establish a prima facie case, and assuming plaintiff compares herself with those individuals identified in paragraph 11 of the complaint (referenced above in #4), the defendant would show that these individuals that plaintiff compares herself to, have benefited by seniority with the agency and seniority within the classifications (reflected in the applicable collective bargaining agreement) they have held, resulting in promotions, in some cases before the plaintiff even began in the engineering series classification.

6. State the factual basis of your sixth affirmative defense, that any alleged wage

3

disparity that may exist is justified by the Defendant's merit and/or reclassification system.

> **Answer:**
>
> The defendant contends that the DOT job classification/reclassification system, administered in conjunction with the Department of Administrative Services, and as applied in this case, is not only bona fide, but that this system constitutes a valid factor other than sex. The evidence will show that the classification system as applied in this case is and was job-related. For example, DOT's personnel unit issued Personnel Memorandum (January 24, 1997) setting forth guidelines on promotion by reclassification. This was subsequently applied in the reclassification analysis that was conducted by both human resource professionals in DOT and DAS regarding the plaintiff in 1999 and 2000.

7. State the factual basis of your seventh affirmative defense, that any alleged wage disparity that may exist is justified by factors other than sex based on legitimate business reasons.

> **Answer:**
>
> See, response to #5 and #6. Additionally defendant continues to investigate this matter and is aware of its continuing duty to supplement this answer. The defendant reserves the right to assert any and all factors other than sex to establish a reason for any purported wage differential.