# Beck (0 Eldel'gilL P.c.

**Attorneys At Law**

447 CENTER STRJ;:ET, MANCHESTER, CONNECTICUT 06040 PHONE (860) 646-5606
COVENTRY (860) 742-0882
HARTFORD (860) 522-5606
FAX (860) 646-0054

BRUCE S. BECK
KATHLEEN ELDERGILL
MARC P. MERCIER
FATIMA T. LOBO
DAVID R. KRITZMAN
MATTHEW R. POTTER
DEREK V. OATIS
MARIA MONICK-BARALL

January 20, 2004

Stephen J. Courtney
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

RE:   Lisa Tilum v. State of CT., Department of Transportation, et al
      Docket No. 3:03 CV973 (DJS)
      Plaintiff's First and Second Request for Disclosure and Production

Dear Steve:

I am writing to follow up our meeting on pending discovery issues which was held January 13, 2004 to discuss our attempts to resolve all outstanding issues.

It is my understanding that we have agreed on the following to date. I have repeated all of the categories set out in my December 8, 2003 letter for your convenience:

FIRST REQUEST

1. Missing Documents and Information

I have had an opportunity to review all of the records copied by DOT in response to our First and Second Requests for Disclosure and Production, as well as the list of requested documents I created during my two visits to DOT's Affirmative Action office to review the documents provided for inspection. A number of documents I requested from DOT, which were not the subject of any objections, were either not copied or not produced for inspection. In addition, certain responses to interrogatories have not yet been furnished. These include.

Interrogatories

10. Identify any changes in job titles in the engineering series, planning series and the rail officer series from 1990 through the present date.

> *You have indicated that you are obtaining this information from OAS but the question has not yet been answered. 1/13/04 Discussion: I have been advised that this information is included in the job descriptions previously provided to me. I will review those.*

Exhibit 3

Beck (9 Eldergi1l, P.c.

Stephen J. Courtney
January 20, 2004
Page 2

Requests for production

4. Any duties questionnaires prepared by or on behalf of the following people from 1989 through the present date:

    a. Ken Fargnoli
    b. Lev Laber
    c. Dennis Murphy
    d. Alan Mancini
    e. Fred Chojnicki
    f. Robert Pettinicchi
    g. Jay Mather
    h. Ray Godcher
    i. Robert Scotti
    j. Stanley Hodyl
    k. Charles Roman
    l. All individuals presently in the Bureau of Public Transportation, Design and Preconstruction Unit holding the title of Engineer 3.

> *Although* all of *these individuals have obtained promotions or reclassifications, no duties questionnaires have been produced. 1/13/04 Discussion: Although Cordula indicated that she believed there were no other documents, Steve ,Markwald indicated that duties questionnaires may have been submitted to DAS and that he would check.*

5. Service ratings for the following people prepared from 1989 through the present date:

    a. Ken Fargnoli - *none provided*
    b. Lev Laber - *none provided*
    c. Dennis Murphy - *only 2001-02 provided*
    d. Alan Mancini - *only 2001-02 provided*
    e. Fred Chojnicki -*only 2000-02 provided*
    f. Robert Pettinicchi - *none provided*
    g. Jay Mather - *none provided*
    h. Ray Godcher - *none provided*
    i. Robert Scotti - *none provided*
    j. Stanley Hodyl - *none provided*
    k. Charles Roman - *none provided*
    l. All individuals presently in the Bureau of Public Transportation, Design and

## Beck (9 Elder8i1l, P.c.

Stephen J. Courtney
January 20, 2004
Page 3

> Preconstruction Unit holding the title of Engineer 3 - *only 2001-02 for Szegedy, Kulak, Young and Kuljis provided. 1/13/04 Discussion: I was informed that no other service ratings exist other than those previously provided.*

10. Documents concerning interviews, including but not limited to and Interview Report(s), for the following positions (approximate date position filled is shown in parentheses ):

> a. Principal Engineer, Construction, Rails Office, New Haven, Connecticut, (March 2001).
> b. Principal Engineer, Design & Preconstruction Unit, Newington, Connecticut (May 2001).
> c. Transit Manager, Newington, Connecticut (November 2001).
> d. Supervising Engineer, Design & Preconstruction Unit, Newington, Connecticut, (June 2001).
>
> *Although DOT has claimed that it has no documents in its possession or control responsive to this request, DOT did produce documents of this type in responding to Plaintiff's CHRO complaint. To the extent these documents are in the possession of DAS, but retrievable by DOT, they are in DOT's control and should be produced. 1/13/04 Discussion: I indicated that I had received these documents for the Transit Manager position. Mr. Markwald indicated he would review records to see whether documents for the other positions exist.*

32. State Form PLD-1 (Application for Examination or Employment), including any attachments, prepared by or on behalf of the any individuals described in Interrogatory #7, above. (#7 asks: Identify any employees in the Bureau of Public Transportation promoted to a supervising level or higher from 1994 through the present, stating for each employee, name, promotion and date of promotion.)

> *No documents responsive to this request were produced. 1/13/04 Discussion: I agreed I would seek information responsive, at least in part, to this request from the Department of Information Technology. I have prepared a subpoena and will pursue that course.*

33. Any documents concerning the employment decision described in Interrogatory #8, above. (#8 asks: Identify those who participated in the decision to replace the Supervising Engineering position held by Robert Scotti with the Engineer 3 position held by Rodney Armstrong and an additional position of Engineering Intern, an action which occurred in approximately 2001.)

Beck (6 Elder8ill, P.c.

Stephen J. Courtney
January 20,2004
Page 4

> *No documents responsive to this request were produced. 1/13/04 Discussion: I was informed that no such documents exist.*

34. Any documents concerning the changes described in Interrogatory #8, above.

> *No documents responsive to this request were produced.* *1/13/04 Discussion: I was informed that no such documents exist.*

35. Organizational charts for Department of Transportation from 1989 through the present date.

> *This response was incomplete. The most recent organizational chart showing detail within the Bureau* of *Public Transportation was dated May 2001. Please produce all organizational charts for the Bureau* of *Public Transportation from 1989 through the present date. 1/13/04 Discussion: I was informed that I have received all* of *the organizational charts which exists. Any other organizational charts would not* be *"official", but would simply* be *produced by the Bureau Chief for the purpose* of *consideration or study.*

36. Any documents prepared or submitted for the purpose of seeking promotion or reclassification of the following employees:

   a. Ken Fargnoli
   'b. Lev Laber
   c. Dennis Murphy d.
   Alan Mancini
   e. Fred Chojnicki f.
   Robert Pettinicchi g.
   Jay Mather
   h. Ray Godcher
   i. Robert Scotti
   j. Stanley Hodyl
   k. Charles Roman I.
   Lisa Tilum

> *The only documents produced were those generated during the interview process which led to Mr. Godcher being promoted to Transit Manager and Mr. Pettinicchi being promoted to Principal Engineer. 1/13/04 Discussion: Mr. Markwald indicated that such documents should* be *available and that he would search for them.*

# Beck (0 Elder8ill, P.c.

Stephen J. Courtney
January 20, 2004
Page 5

37. Any documents concerning promotions, reclassifications or transfers in the Bureau of Public Transportation from 1989 through the present date.

> *No documents responsive to this request were produced. 1/13/04 Discussion: I agreed I would seek information responsive, at least in part, to this request from the Department of Information Technology. I have prepared a*
> *subpoena and will pursue that course.*

2. <u>Documents Subiect to Obiection</u>

I also write in an effort to resolve the objections you raised to certain of these discovery requests. I have grouped the discovery at issue.

<u>Interrogatories</u>

1. Identify the name, gender and starting salary of every employee hired as Engineering Intern, Associate Engineer or other position in the Engineering Series by DOT from 1987-1992.

<u>Reauests for Production</u>

6. Documents concerning any requests by DOT made to DAS to reclassify positions in the Engineering Series from 1989 through the present date.

12. Documents concerning any justifications for hiring, reclassifying or promoting people who are not goal candidates to any DOT position from 1989 through the present date.

> *You have objected to these requests, claiming that they are time-barred, overly broad and burdensome. As to your first two objections, information that predates the filing period is admissible as background evidence in support of Plaintiff's claim of discriminatory intent as well as to prove the pattern and practice of discrimination she has alleged. See* <u>National R.R. Passenger Com. v. MOrGan,</u> *536 U.S. 101, 113 (2002). Thus, the request is not overly broad, since evidence of past discrimination can be introduced at trial.*
>
> *As to your claim that the request is unduly burdensome, for the reasons set out in Ms. Kilbon's affidavit, I am willing to consider your suggestions as to how this burden might be minimized. It is my understanding that under Conn. Gen. Stat. Sec. 5-200d, the Department of Administrative Services has been required to*

Beck (6 Eldergill, P.C.

Stephen J. Courtney
January 20, 2004
Page 6

>    maintain an automated personnel system containing much of the information I have requested, which is accessible to each state agency and which can be used to generate various reports on personnel matters, since July 1993. Indeed, it appears that records of this type were provided to me as part of your client's disclosure to date. Based on my review of those materials, it is my understanding that automated personnel records are available to DOT for events and transactions beginning in 1991. I I am sure we can reach an accommodation which will alleviate the burden described in Ms. Kilbon's affidavit. Since your client has knowledge as to the types of reports which can be generated by computer, please contact me with your suggestions as to how this might be accomplished. If you prefer, I will be happy to speak directly to a designated individual at DOT concerning this matter. 1/13/04 Discussion: I agreed I would seek information responsive, at least in part, to this request from the Department of Information Technology. I have prepared a subpoena and will pursue that course.

SECOND REQUEST

>    <u>Requests for Production</u>
>
>    You have referred to all of the records produced for inspection, but have failed to comply with Rule 34 as you did not organize the documents to correspond to the production requests.
>
>    In order to correct this, I will be satisfied if you identify, in your production response, which documents you intend to be responsive to the different requests.

1/13/04 Discussion: Steve, you indicated that you would review the second request for production and identify the documents which respond to each request.

I appreciate your cooperation in attempting to resolve these outstanding issues. I will keep you informed concerning my attempts to secure the information we discussed from the Department of Information Technology, and will follow up with you on this issue if it becomes necessary.



~Eldergill

KE:jmj
cc: Lisa THum

Tilum\OisCQvery\Cou012004.ltr