UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA TILUM : | CIVIL ACTION NO: 3:03 CV973 (DJS) |
|     Plaintiff : | |
| : | |
| VS. : | |
| : | |
| STATE OF CONNECTICUT, : | |
| DEPARTMENT OF TRANSPORTATION: | |
|     Defendant : | JUNE 10, 2004 |
| : | |

**PLAINTIFF'S REQUEST TO CHARGE**

**FIRST AND SECOND COUNTS (CAUSES OF ACTION)**

    1. The first claim or cause of action in Plaintiff's complaint is brought under the

Connecticut Fair Employment Practices Act. That law provides:

> (a) It shall be a discriminatory practice. . .(1) For an employer, by himself or his agent, to refuse to hire or employ. . . any individual or to discriminate against him in compensation or in terms, conditions or privileges of employment because of the individual's age. . . [or] sex. . or (4) For any person or employer to discriminate against any person because he has opposed any discriminatory employment practice or because he has filed a complaint or testified or assisted in any proceeding. . .

**Conn Gen. Stat. Sec. 46a-60(a).**

    2. The second claim or cause of action in Plaintiff's complaint is brought under Title

VII of the Federal Civil Rights Act. That law provides:

1

> It shall be an unlawful employment practice for an employer--
>
> (1) to fail or refuse to hire or . . .otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's sex.

**42 U.S.C. Sec. 2000e-2(a).**

3. That law also states:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees. . . to discriminate against any individual. . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

**42 U.S.C. 2000e-3(a).**

4. In this case, as to these two claims, Ms. Tilum complains that her employer, the Department of Transportation ("DOT"), discriminated against her on the basis of sex and/or retaliated against her for making a complaint of discrimination by taking various adverse employment actions against her. She claims that DOT failed to promote or reclassify her to a number of higher level positions, and discriminated against her in the terms and conditions of employment, thereby preventing her from advancing in her career. Ms. Tilum

claims that DOT failed to provide her with training, refused to allow her an opportunity to work on rail projects, refused to provide her with an opportunity to supervise other employees and failed to provide her with upward mobility in her career.  Ms. Tilum further claims that her reporting relationship was changed to her disadvantage, making it more difficult for her to seek advancement.

**Complaint, Counts One and Two, paras. 15-29.**

5.  Ms. Tilum's burden of proof on these two different claims under state and federal law is essentially the same.  An unlawful employment practice is established if Ms. Tilum demonstrates that it is more likely than not that sex or retaliation was a motivating factor in the DOT's adverse action, even though other factors also motivated that decision.

**42 U.S.C. Sec. 2000e-2(m);** *Hennessy v. Penril Datacomm Networks, Inc.*, **69 F.3d 1344, 1350 (7th  Cir. 1995)**; *Stratton v. Dept For Aging For the City of New York*, **132 F.3d 869, 878, 879 (2d Cir. 1997);  *Stern v. Trustees of Columbia University of the City of New York*, 131 F.3d 305, 312 (2d Cir. 1997).**

6.  In order to determine whether discrimination or retaliation was a motivating factor in DOT's decision on adverse employment action, you should consider all of the circumstantial and direct evidence of intent as may be available.

*Village of Arlington Heights v. Metropolitan Housing Development Corp.*, **429 U.S. 252, 97 S. Ct. 555, 50 L. Ed. 2d 450 (1977) (equal protection).  *Accord United States v.***

3

***Tierney***, 760 F.2d 382, 387-89 (1st Cir. 1985).  ***Stern v. Trustees of Columbia University of the City of New York***, 131 F.3d 305, 314 (2d Cir. 1997) citing Cf., <u>e.g.</u>, ***Washington v. Davis***, 426 U.S. 229, 242, 96 S.Ct. 2040, 2048, 48 L.Ed.2d 597 (1976) ("an invidious discriminatory purpose may often be inferred from the totality of the relevant facts").

      7. In determining DOT's' motivations, you should consider that intent or motive can rarely be established by direct evidence and must often be proved circumstantially and by inference. Ms. Tilum is not required to provide direct proof of unlawful motive, intent or design. A motive, intent or design to violate a person's rights, if it exists, is seldom admitted and may be inferred from the existence of other facts.

***Missouri National Education Association v. New Madrid County School District***, 810 F.2d 164 (8th Cir. 1987); ***Rookard v. Health & Hospitals Corp.***, 710 F.2d 41 (2d Cir. 1983); ***Arlington Heights v. Metro Housing Corp.***, 429 U.S. 252 (1977).

      8. Among the circumstantial evidence you may consider in order to determine whether DOT's intent or motive are discriminatory or retaliatory are the following:

    First, the specific sequence of events leading up to the challenged decisions may shed some light on the DOT's motives.

    Second, the historical background of the decisions is a source of evidence, particularly if it reveals a series of official actions taken for invidious purposes. However, this is not to say that a consistent pattern is necessary to find discrimination or retaliation.

4

A single governmental act may also constitute such a violation.

Third, departures from the normal procedural sequence also might afford evidence that improper purposes are playing a role.  Substantive departures too may be relevant, particularly if the factors usually considered important by the decision maker strongly favor a decision contrary to the one reached.

Finally, you can consider whether the reasons offered by the DOT for the various employment decisions made by DOT are believable or whether they are a pretext for discrimination.  Actions taken by an employer that disadvantage an employee for no logical reason constitute strong evidence of an intent to discriminate.   If you find that the DOT's reasons are not worthy of belief, this alone may be sufficient to establish that DOT's actions were taken with a discriminatory or retaliatory motive.

However, it is up to you to decide, based upon all of the evidence presented, whether or not Ms. Tilum has proved that it is more likely than not that Defendant acted with a discriminatory or retaliatory motive.

***Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 266-268, 97 S. Ct. 555, 50 L.Ed.2d 450, 465-466 (1977)**; ***Guillory v. County of Orange*, 731 F.2d 1379, 1383 (9th Cir. 1984)**;  ***Stern v. Trustees of Columbia University of the City of New York*, 131 F.3d 305, 313 (2d Cir. 1997)  *Stratton v. Dept For Aging For the City of New York,* 132 F.3d 869, 880 n.6 (2d Cir. 1997) and cases cited therein.**

9.  To the extent the evidence shows that DOT's claimed reasons for its adverse

5

employment actions taken against Ms. Tilum were due to a mixture of legitimate and illegitimate motives, Ms. Tilum is not required to disprove those motives. Rather, once Ms. Tilum has established that an illegitimate motive was one of the motivating factors in DOT's decision-making, the burden then shifts to DOT to prove that even in the absence of illegitimate motive, it would have reached the same decision regarding promotion by a preponderance of the evidence. The DOT cannot meet this burden merely by showing that, at the time of the decision, it was motivated only in part by a legitimate reason. Rather, the employer must show that its legitimate reason, standing alone, would have induced it to make the same decision.

**Price Waterhouse v. Hopkins, 490 U.S. 228, 246-47, 252-53, 109 S.Ct. 1775, 1787-89, 1792, 104 L.Ed.2d 268 (1989). Id. at 242, 252-53, 109 S.Ct. 1775, 1787, 1792.**

10. With respect to her claim for retaliation, Ms. Tilum is not required to prove the actual merits of her underlying complaints of sex discrimination, but only that she was acting under a good faith, reasonable belief that a violation of her rights was taking place. **Sumner v. United States Postal Service, 899 F.2d 203, 209 (2d Cir. 1990).**

11. If you find that Ms. Tilum has proven her claims of sex discrimination or retaliation, then she is entitled to damages called compensatory damages under the first and second causes of action in her complaint. The purpose of compensatory damages is to

6

make the plaintiff whole - that is, to compensate the plaintiff for losses she may have suffered due to the DOT's discrimination or retaliation in failing to promote her.

Such damages include compensation for loss of enjoyment of life, damage to personal and professional reputation, humiliation and embarrassment, if any, that she has suffered because of the defendant's conduct.

***Abermarle Paper Co. v. Moody*, 422 U.S. 405, 418, 45 L.Ed.2d 280, 95 S.Ct. 2362 (1975);  42 U.S.C. 2000e-5(g); 42 U.S.C. Section 1981a(a)(1); Conn. Gen. Stat. Sec. 46a-104; *Hennessy v. Penril Datacomm Networks, Inc.*, 864 F.Supp. 759, 764 (N.D.Ill.1994).**

12.  In addition, you will also be asked to calculate separately the amount of pay lost by Ms. Tilum, if any, as a result of DOT's discriminatory or retaliatory acts, for the purpose of calculating damages under the first cause of action in her complaint.

**Conn. Gen. Sta. Sec. 46a-104.**

13.  If you find for Ms. Tilum on her claim of sex discrimination or retaliation under her first and second causes of action, then you must determine whether the DOT acted intentionally in taking its adverse employment actions.  The DOT acted intentionally if it acted with an intent to injure Ms. Tilum or if it acted in reckless disregard of her rights. *Collier v. State*, 24 Conn. L. Rptr. 433, 1999 WL 300643, pp.3-4 (Conn.Super.

7

May 03, 1999) (NO. CV96-80659).

THIRD COUNT (CAUSE OF ACTION)

14. The third claim or cause of action in Plaintiff's complaint is brought under the Equal Pay Act. That law provides:

> No employer . . . shall discriminate. . . between employees on the basis of sex by paying wages to employees. . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: *Provided*, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee.

29 U.S.C.A. § 206(d).

15. A violation of the Equal Pay Act occurs when an employer pays lower wages to an employee of one gender than to substantially equivalent employees of the opposite gender in similar circumstances. A plaintiff need not prove that the pay disparity was motivated by an intention to discriminate on the basis of gender. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1310 (2d Cir.1995).

16. In deciding if the work being performed is "equal work", you must consider

actual job performance and content–not job titles, classifications or descriptions of the work.

*EEOC v. Mercy Hospital and Medical Center,* 709 F.2d 1195, 1197 (7th Cir.1983) (quoting *Gunther v. County of Washington,* 623 F.2d 1303, 1309 (9th Cir.1979), *affd,* 452 U.S. 161, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981)).

17. The phrase "equal work" does not mean that the jobs must be identical, but merely that they must be "substantially equal." A wage differential is justified only if it compensates for an appreciable variation in skill, effort or responsibility between otherwise comparable job work activities.

*Laffey v. Northwest Airlines, Inc.,* 740 F.2d 1071, 1082-1085, 238 U.S.App.D.C. 400, 412 - 414 (D.C. Cir.1984); *Thompson v. Sawyer,* 678 F.2d 257, 272 n. 12 (D.C.Cir.1982); *Epstein v. Secretary, United States Department of the Treasury,* 739 F.2d 274, 277 (7th Cir.1984).

18. A determination that jobs require equal skills involves your consideration of the training, education, and experience required for the job. The focus is on what the job requires, not what skill the employee actually possess. The Equal Pay Act applies to jobs that require equal skills and not to employees that possess equal skills. An employee's aptitude and efficiency are not appropriate factors to consider in evaluating skill.

9

29 C.F.R. Section 800.125 (1982), *Hein v. Oregon College of Education*, 718 F.2d 910, 914 (9th Cir. 1983); *Shultz v. Kimberly-Clark Corp.*, 315 F. Sup. 1323 (W.D.Teen. 1970).

19. Under the Equal Pay Act, it is impermissible for an employer to pay a female employee at a lesser rate than a male employee, simply because the job market will permit such a lesser rate of pay, in the sense that female employees may be willing to work for lower wages than male employees.

**Brennan v. Prince William Hospital Corp.**, 503 F.2d 282 (4th Cir.) *cert. denied* 420 U.S. 972, 95 S.Ct. 1392, 43 L.Ed.2d 652 (1975).

20. If you find the Plaintiff has shown, by a preponderance of the evidence, that Ms. Tilum performed substantially equal work requiring equal skill, effort and responsibility as did a male employee or employees, then she is entitled to the difference between the wages paid to her during the time she performed such duties and the wages paid to the male employee or employees who performed those similar duties.

**Mordado v. Birmingham-Jefferson County Civil Defense Corp.**, 706 F.2d 1184, 1189 (11th Cir. 1983), *cert. denied* 104 S. Ct. 715 (1984).

21. An employer acts willfully if he knows or has reason to know that his conduct is covered by the Equal Pay Act. Neither good faith belief in the lawfulness of its wage differential nor ignorance of its invalidity shields the Defendant from a finding of willfulness.

The employee need not have acted with malice or bad intent in order to act "willfully" within the meaning of the Act. It is sufficient that the employer know or had reason to know that his conduct was governed by the Act.

***Conklin v. Joseph C. Hofgesing Company*, 407 F.Sup. 1090 (W.D. Ky. 1975),** *remanded* **565 F.2d 405 (6th Cir. 1975);  *Shearer v. E. Brame Trucking Company*, 245 N.W. 2d 84 (Mich. App. 1976).**

           PLAINTIFF


By:
    Kathleen Eldergill
    Beck & Eldergill, P.C.
    447 Center Street
    Manchester, CT 06040
    (860) 646-5606
    Fed Bar No: ct00024

## **CERTIFICATION**

    I hereby certify that a copy of the foregoing has been mailed this _____ day of June, 2004, to the following parties:

Margaret Q. Chapple
Assistant Attorney General
Attorney General's Office
55 Elm Street
P.O. Box 120
Hartford, CT   06141-0120

_____
Kathleen Eldergill

Tilum\JuryCharge06-04.pld

12