UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA TILUM : | CIVIL ACTION NO: 3:03 CV973 (DJS) |
|     Plaintiff : | |
| : | |
| VS. : | |
| : | |
| STATE OF CONNECTICUT, : | |
| DEPARTMENT OF TRANSPORTATION: | |
|     Defendant : | JUNE 10, 2004 |
| : | |

**PLAINTIFF'S REQUESTED VOIR DIRE**

    Pursuant to Rule 12(c) of the Local Rules, and in order to ensure Plaintiff the right to a trial by an impartial jury, attorney for the Plaintiff expressly requests that the proposed Jury Questionnaire filed herewith be provided to members of the jury panel prior to voir dire, and that counsel for the parties have the opportunity to review these questionnaires prior to jury selection.

    In addition, Plaintiff requests the opportunity to personally voir dire the prospective members of the jury, in addition to the court's general inquiry and submission of the Jury Questionnaire. Plaintiff's counsel expressly agrees to limit the questioning to no more than 20 minutes and to make a reasonable inquiry of the background of the prospective members of the jury in order to intelligently exercise the Plaintiff's challenges for cause and peremptory challenges.

1

<u>Alternative request for questions to be put to prospective jurors.</u>

If such request is denied, the Plaintiff then requests that the questions listed be asked of each prospective juror to ensure impartiality of the jury in this case and to allow the intelligent and informed exercise of peremptory challenges and challenges for cause: Plaintiff expressly requests that follow-up questioning be conducted at sidebar so as to ensure jurors an opportunity to freely disclose personal information without embarrassment and so as to avoid disclosures which have the potential to affect the impartiality of the jury panel.

<u>Preliminary Statement</u>:

The questions to be asked of you are not intended to embarrass you or pry into your private affairs. If, for any reason, you would prefer not to answer any of the questions put to you in front of other members of the jury panel, please let me know this. You will be invited up to the sidebar and will be allowed to respond privately in my presence and in the presence of counsel for the parties.

Although my questions are directed to "you" individually, you should also respond if the questions apply to a member of your family, or to a close friend, to the extent that you might be affected by these experiences.

1. Is there anyone on the panel who has witnessed or experienced first hand discrimination in the workplace based on sex or gender?  If so, please raise your hand.

(Follow-up: Directed individually to those who have answered the above question in the affirmative):  Tell us about your experience.

2. Have any of you ever been involved in a workplace situation where you or someone close to you has been unfairly denied a raise, advancement or promotion?  If so, please raise your hand.

(Follow-up: Directed individually to those who have answered the above question in the affirmative):  Tell us about your experience.

3. Have any of you ever been involed in making a complaint in the workplace about unequal treatment?  If so, please raise your hand.

(Follow-up: Directed to those who have answered the above question in the affirmative):  Tell us about your experience.

3

4. Have any of you ever worked as a boss–a supervisor or manager–and had to deal with someone who worked under you who challenged your decision as to issues of compensation or advancement? If so, please raise your hand.

(Follow-up: Directed to those who have answered the above question in the affirmative): Tell us about your experience.

5. Have any of you ever been employed in any capacity by the state of Connecticut? If so, please raise your hand.

(Follow-up: Directed to those who have answered the above question in the affirmative): Tell us about your experience.

6. Some people say that there are too many frivolous lawsuits these days. If you tend to agree with that, please raise your hand?

(Follow-up: Directed to those who have answered the above question in the affirmative): Why do you feel that way? (Follow up:) Tell us what you have heard, or seen or experienced that makes you agree with that.

7. Is there anyone here who believes that they have been treated differently in some way, or judged differently, at their job, because of their sex?

(Follow-up: Directed to those who have answered the above question in the affirmative): Tell us about your experience.

8. Is there anyone here who believes that they have seen others treated differently, or judged differently, on the job because of their sex?

(Follow-up: Directed to those who have answered the above question in the affirmative): Tell us about your experience.

9. Has anyone been in a workplace situation where there was discrimination or where a complaint of discrimination was made?

(Follow-up: Directed to those who have answered the above question in the affirmative): Tell us about your experience.

10. Some people say that you can't compensate someone with money for what are called "non-economic damages"–that is, money can't compensate you for damages such as emotional distress, loss of enjoyment of life and the like. If you tend to agree with that statement, please raise your hand.

(Follow-up: Directed to those who have answered the above question in the affirmative): Explain your thinking on this.

11. If you had to define a good employee, what qualities would be most important?

12. If you had to define a good employer, what qualities would be most important?

13. What do you like most about your job?

14. What do you like least about your job?

15. Based on what you know about this case, is there anyone who would feel uncomfortable being a juror in this case? Anyone who feels they should not hear this case for any reason? (Follow-up individually: Directed to those who have answered the above question in the affirmative): Please explain.

                                                PLAINTIFF

                                                By
                                                   Kathleen Eldergill     ct00024
                                                   for Beck & Eldergill, P.C.

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was hand-delivered to the following this 10th day of June, 2004:

Margaret Q. Chapple
Assistant Attorney General
Attorney General's Office
55 Elm Street
P.O. Box 120
Hartford, CT   06141-0120

                                                            Kathleen Eldergill

Tilum\VoireDire.pld