Draft 8/18/04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA TILUM, | : | 3:03 CV 973 (DJS) |
|     *Plaintiff,* | : | |
| | : | |
|     *v.* | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF TRANSPORTATION, | : | |
|     *Defendant.* | : | |

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

WHEREAS the Plaintiff, Lisa Tilum ("Ms. Tilum" or "plaintiff"), is employed by the Defendant State of Connecticut, Department of Transportation ("DOT" or "defendant"); and

WHEREAS Ms. Tilum filed the complaint in this matter in May of 2003 against the DOT; and

WHEREAS the DOT denies any liability or wrongdoing; and

WHEREAS the plaintiff and the defendant have determined that settlement of the claims raised in the complaint would best serve their interests;

NOW THEREFORE, without any adjudication of claims or defenses raised by either party, and in consideration of mutual covenants and promises set forth below, the plaintiff and the defendant agree as follows:

1.    The Plaintiff shall immediately, and with prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, move the Court for an order of dismissal of this lawsuit, by filing the Stipulation of Dismissal, signed by counsel for the parties hereto, an unexecuted copy of which is attached hereto as Exhibit "A."

2. The plaintiff for herself, her heirs and assigns hereby irrevocably, voluntarily and knowingly releases and discharges the defendant DOT, as well as any agents and employees of the State of Connecticut, any agency of the state or any other former or future officers, servants, agents or employees of the State of Connecticut, both in their official and individual capacities, and the State of Connecticut itself, from any and all claims, demands, obligations, actions, causes of action, lawsuits, administrative proceedings, rights, damages, costs, loss of services, expenses and compensation of any nature whatsoever, whether based on tort, contract or other theory of recovery, for any matter prior to and including the date of her signature on this Settlement Agreement and General Release, arising out of her employment with the DOT, including but not limited to those matters which have been raised or could have been raised in any way, growing out of any incident(s) which are the subject of her complaint, including, without limitation, any and all known damages to the plaintiff that have resulted or may result from the alleged acts or omissions of the DOT.

3. The plaintiff shall be promoted to the position of Transportation Supervising Engineer, with the promotion being retroactive to June 3, 1999. The plaintiff shall be entitled to an award of back pay to reflect this retroactive promotion, which payment shall be made in a payroll check dated November 12, 2004. The payment of back pay shall be subject to all normal deductions and pension contribution, as indicated on the plaintiff's payroll paperwork on file with the DOT and the Office of the Comptroller of the State of Connecticut.

4. In addition, the defendant shall pay to the plaintiff, as compensatory damages for emotional distress, the amount of $30,000. Payment shall be made by check, payable to the plaintiff, delivered to the plaintiff, with a 1099 form issued to the

Draft 8/18/04

plaintiff in four installments of $7,500.00 each in the first two weeks of January 2005, 2006, 2007 and 2008, respectively.

  5. Within forty-five (45) days of the entry of this judgment of dismissal in this case, the defendant shall pay to the plaintiff, as attorney's fees, the amount of $51,000. Payment shall be made by check, payable to Beck & Eldergill, P.C., and delivered to counsel for the plaintiff, with a 1099 form issued to Beck & Eldergill, P.C.

  6. Plaintiff understands and agrees that the State of Connecticut must report its payment of the settlement proceeds described in paragraphs 3-5 to all appropriate taxing authorities, and the defendants make no representation regarding the tax consequences of these payments. The plaintiff and her counsel agree to provide the defendants with a completed form W-9 upon the signing of this agreement.

  7. The Plaintiff agrees that the payments set forth in Paragraphs 3-5 above are the only payments to be made by the defendant in connection with the claims asserted against the Plaintiff, including any and all claims for back pay, front pay, punitive damages, double damages, compensatory damages including emotional distress, liquidated damages, and any claims for costs, interest, attorney's fees, or other litigation expenses.

  8. Upon the execution of this Agreement, the plaintiff shall be transferred to the Transit Unit, reporting to Michael Sanders. Ms. Tilum will also supervise a Transportation Supervising Rail Officer. The parties agree and understand that the plaintiff remains subject to transfers and reorganizations to the full extent permitted under the relevant provisions of her collective bargaining agreement.

  9. DOT will restore vacation time in the amount of fifty (50) hours to Plaintiff, to be reflected in Plaintiff's official time records.

10. The parties agree and understand that this Settlement Agreement and General Release does not constitute an admission of any kind by any of the DOT, of any liability or wrongdoing whatsoever, and may not be used in any pending or future legal proceeding, except as may be necessary to enforce the provisions of this Settlement Agreement and General Release.

11. This Settlement Agreement and General Release constitutes the entire agreement between the parties, and the full and final settlement of any and all claims between and among the parties, which have existed, presently exist or may in the future exist arising out of the claims made in this action.

12. Plaintiff represents and agrees that she fully understands her right to discuss any and all aspects of this Agreement with her private attorney, and that she has availed herself of this right to the full extent she desired to do so.  Plaintiff further represents and agrees that she has carefully read and fully understands all of the provisions of this Agreement, that she had a reasonable amount of time in which to review and consider this Agreement and that she has the capacity to enter into this Agreement.

13. The plaintiff and the defendant acknowledge that they consent to this Agreement as their free act and deed, and that they enter into this Agreement without any coercion or duress.

14. This is the entire agreement between the plaintiff and the defendant, and it may not be modified or canceled in any manner except by a writing signed by both the plaintiff and the DOT.  The defendants have made no promises to the plaintiff other than those in this Settlement Agreement and General Release.

15. This Settlement Agreement and General Release shall bind the parties, their heirs, administrators, representatives, executors, successors and assigns.

Draft 8/18/04

16. This Settlement Agreement and General Release shall be construed as a whole according to its fair meaning, and not strictly for or against any of the parties. Unless the context indicates otherwise, the term "or" shall be deeded to include the term "and" and the singular or plural number shall be deemed to include the other. Nothing in this Agreement shall be interpreted to preclude Ms. Tilum's right to apply, to be considered as a candidate, and/or to be selected, for any position at DOT for which she is qualified.

17. This Agreement shall be governed by the substantive laws of the State of Connecticut.

18. The provisions of this Agreement are severable. If any part of it is found unenforceable, all other provisions shall remain fully valid and enforceable, unless the unenforceable provision is an essential element of the bargain.

19. The Settlement Agreement and General Release is effective on the date that it is signed by *all* parties to this agreement.

PLAINTIFF

_____     _____
Lisa Tilum                          Date


STATE OF CONNECTICUT        )
                            )   ss.  Manchester    Sept. 3, 2004
COUNTY OF HARTFORD          )

    Personally appeared before me Lisa Tilum, signer and sealer of the foregoing Settlement Agreement and General Release, who acknowledged the same to be her free act and deed before me.


                                                   _____
                                                   Kathleen Eldergill
                                                   Commissioner of the Superior Court


DEFENDANT
STATE OF CONNECTICUT
DEPARTMENT OF TRANSPORTATION

BY:  RICHARD BLUMENTHAL
ATTORNEY GENERAL


_____     _____
                                             Date
Assistant Attorney General
Office of the Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120


Tilum\Settlement\Agrmt09-04.dcm

6

Draft 8/18/04

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA TILUM, | : | 3:03 CV 973 (DJS) |
|    *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF TRANSPORTATION, | : | |
|    *Defendant.* | : | September 3, 2004 |

### STIPULATION FOR DISMISSAL WITH PREJUDICE
### FOLLOWING SETTLEMENT AGREEMENT

     Plaintiff Lisa Tilum and Defendant State of Connecticut, Department of Transportation, by their attorneys, hereby stipulate that this matter may be dismissed, with prejudice and without costs to either party.  The parties further request that the provisions of the attached Settlement Agreement be incorporated as part of this Stipulation consistent with <u>Kokkonen v. Guardian Life Insurance Co. of America</u>, 511 U.S. 375, 114 S. Ct. 1673 (1994).

Exhibit A

        PLAINTIFF
        LISA TILUM

        _____

        Kathleen Eldergill, Esq.
        Federal Bar No. ct00024
        BECK & ELDERGILL, P.C.
        447 Center Street
        Manchester, CT 06040

        DEFENDANT   STATE OF CONNECTICUT
        DEPT.OF TRANSPORTATION

BY:    RICHARD BLUMENTHAL
        ATTORNEY GENERAL


        _____

        Assistant Attorney General
        Federal Bar No. ct
        55 Elm Street, P.O. Box 120
        Hartford, CT 06141-0120